UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CR00433 RWS |
| | ) | |
| DONNIE WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the motion to reopen the detention hearing filed by Defendant Donnie White. (Doc. #107, filed under seal). A hearing on Defendant's motion was held on August 22, 2007. Defendant was present and represented by his attorney, Kevin Schriener. The government was represented by Assistant United States Attorney Tiffany Becker. At the hearing, the government presented the testimony of Special Agent King, of the FBI. Both parties also referenced and relied upon information contained in the Pretrial Services Report ("PSR"), dated July 6, 2007, and neither party raised any objections that they had to the information contained in that report.

Defendant originally was charged in a criminal complaint with being a felon in possession of a firearm, alleged to have occurred on June 29, 2007, and the government requested pretrial detention. At the hearing on the government's motion, on July 6, 2007, Defendant appeared with counsel and waived his right to a detention hearing, and Defendant was thereafter detained based on his waiver. Since the detention hearing, Defendant has been indicted and charged with the conspiracy to distribute and possess

with intent to distribute heroin and Fentanyl; distribution of heroin; possession with intent to distribute heroin; and being a felon in possession of a firearm. The indictment further alleges that Defendant is the leader of a street gang known as the "Desoto Hustlers Street Gang," that has been engaged in a large-scale and high-volume heroin trafficking conspiracy over the course of several years, and asserts that a murder has occurred in furtherance of the conspiracy. On the conspiracy charge, Defendant is facing a maximum term of imprisonment of not less than 10 years, and not more than life.

Defendant now requests that the Court reopen the issue of detention and release Defendant on some conditions of bond. In his motion, and by way of proffer, Defendant offered that he is a life-long residence of St. Louis, that he could reside with Ms. Hackney, with whom he has a relationship, that Ms. Hackney has a telephone line at her residence that could be used for electronic monitoring, and that Defendant may be able to obtain employment with a relative. Defendant further asserted that Ms. Hackney's brother and others may be able to post property or cash to secure Defendant's release, but Defendant did not know what amount of equity might exist in any real property nor the amount that could be made available for bond.

As set forth in the PSR, Defendant White is 27 years old and has never been employed. He has one child from a prior relationship, who does not live with Defendant, and for whom Defendant provides no formal support. As Defendant notes, he has only one prior conviction, in 1998, for assault 1st degree, for which he was sentenced to 5 years confinement, and released in August 2002.

18 U.S.C. § 3142(g) sets forth the factors to be considered by the Court when considering the issue of detention or release on bond. These factors include the nature and circumstances of the offense charged, including whether the offense is a crime of violence; the weight of the evidence; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In light of the charges in the indictment, a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." Based on the information contained in the PSR, and the evidence adduced at the hearing, the Court finds that Defendant has not rebutted this presumption.

Although Defendant does have only one prior conviction, which occurred almost ten years ago, it was for a violent offense and Defendant was only released in late 2002. As set forth in the PSR, Defendant was never released on parole for that offense, and incurred approximately 22 conduct violations while incarcerated, some of which involved drugs and some of which involved violence. Defendant also has a history of failing to appear in court, and at the time the PSR was issued had an active warrant for his arrest for failure to appear.

At the hearing, the government presented strong evidence, including evidence obtained from Title III wiretap interceptions of Defendant's telephone calls, in support of the allegations in the indictment, including the allegation that Defendant is the leader of this heroin trafficking enterprise. It also presented uncontested evidence that Defendant was engaged in a conspiracy to obtain firearms, and condoned a killing by one of the

members of the enterprise.  Moreover, in light of Defendant's waiver of his preliminary hearing, there is probable cause to believe that Defendant fled from the police in June, 2007, and was observed discarding a semi-automatic weapon at that time.  While the Court will not attempt to list all of the evidence that supports an order of detention, the Court further notes that contrary to Defendant's representation at the hearing and his statements to the Pretrial Services Officer, Defendant was abusing marijuana as recently as the day he surrendered to the FBI.

For these reasons, and for the further reasons set forth in the PSR, the Court finds that Defendant has not rebutted the presumption that arises in this case.  Further, the Court finds, by clear and convincing evidence, that no conditions or combination of conditions will assure the safety of other persons and the community if Defendant would be admitted to bail pending trial, and finds, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of Defendant as required.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant's motion to reopen the detention hearing and release Defendant on bond (Doc. #107) is **DENIED**.

_/s/ Audrey G. Fleissig_
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 22nd day of August, 2007.